**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PROGRESS SOFTWARE CORPORATION, et al.,
Plaintiffs,

v.

MySQL AB, et al.,
Defendants.

CIVIL ACTION NO. 01-11031-PBS

**ORDER**

**February 28, 2002**

**SARIS, U.S.D.J.**

Defendant/counter-plaintiff MySQL AB ("MySQL") has moved for a preliminary injunction asking this Court to enjoin plaintiffs/counter-defendants Progress Software Corporation and its subsidiary NuSphere Corporation (collectively, "Progress") from, among other things, sublicensing or distributing the MySQL program and from using the MySQL™ mark.

The factors governing the award of a preliminary injunction are well known: (1) the movant's likelihood of success on the merits; (2) the potential for irreparable harm; (3) a balancing of the relevant equities; and (4) the effect on the public interest. See Campbell Soup Co. v. Giles, 47 F.3d 467, 470 (1st Cir. 1995).

After a hearing and review of the record, and for the

DOCKETED

65

reasons stated in Court, the Court finds that MySQL has demonstrated a substantial likelihood of success on that portion breach of contract claim that concerns its trademark. Specifically, MySQL has demonstrated (1) that the agreement between the parties was an interim agreement that terminated after August 2000; and (2) that Progress violated Paragraph 6 of that agreement by using the MySQL trademark after the termination and by using an unauthorized combination trademark. Continued use of the trademark will cause MySQL irreparable harm as a matter of law. See Digital Equipment Corp. v. Altavista Technology, Inc., 960 F. Supp. 456, 472 (D. Mass. 1997) (citing Camel Hair and Cashmere, Inc. v. Assoc. Dry Goods Corp., 799 F.2d 6, 14-15 (1st Cir. 1986)). Finally, the balance of harms tips in MySQL's favor with regard to use of the MySQL™ mark.

Accordingly, the Court orders that Progress be preliminarily enjoined, pending a trial on the merits, from:

(1) Promoting or selling any products and services using the MySQL™ mark in any form;

(2) Registering or using domain names that contain the MySQL™ mark; and,

(3) Operating websites that use any form of the MySQL™ mark.

Progress may, however, state that its product operates with the MySQL program. Progress shall comply with this order within 45 days. MySQL shall post a bond of $25,000.00.

With respect to the General Public License ("GPL"), MySQL has not demonstrated a substantial likelihood of success on the merits or irreparable harm. Affidavits submitted by the parties' experts raise a factual dispute concerning whether the Gemini program is a derivative or an independent and separate work under GPL ¶ 2. After hearing, MySQL seems to have the better argument here, but the matter is one of fair dispute. Moreover, I am not persuaded based on this record that the release of the Gemini source code in July 2001 didn't cure the breach.

In any event, even if MySQL has shown a likelihood of success on these points, it has not demonstrated that it will suffer any irreparable harm during the pendency of the suit, particularly in light of the sworn statement that all source code for Gemini has been disclosed and the stipulation, given by Progress during the hearing, that the end use license for commercial users will be withdrawn. Finally, because the product line using MySQL is a significant portion of NuSphere's business, Progress has demonstrated that the balance of harms tips in its favor regarding the use of the MySQL program under the GPL.

**ORDER**

For the reasons set forth above, MySQL's Motion for

Preliminary Injunction (Docket No. 24) is **GRANTED** in part and **DENIED** in part.

PATTI B. SARIS
UNITED STATES DISTRICT JUDGE